**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARTEZ MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00801-ACL |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION - ) | |
| ST. LOUIS FIELD OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Martez Moody brings this civil action against the Federal Bureau of Investigation and other defendants, alleging violations of his rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the Complaint as frivolous, and Plaintiff's pending motions for appointment of counsel and for subpoenas will be denied as moot. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations

are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## Background

This is the fifth case that Plaintiff has filed against the Federal Bureau of Investigation (FBI), or a division of the FBI, in this Court.[1] *See Moody v. Federal Bureau of Investigation St. Louis Office*, No. 4:16-cv-325-RLW (E.D. Mo. filed Mar. 10, 2016) (dismissed Mar. 15, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim); *Moody v. Federal Bureau of Investigation*, No. 4:16-cv-427-CDP (E.D. Mo. filed Mar. 24, 2016) (dismissed Apr. 4, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B) as duplicative of prior case and as legally frivolous); *Moody v. St. Louis Division of the Federal Bureau of Investigation*, No. 4:17-cv-2528-JMB (E.D. Mo. filed Oct. 4, 2017) (dismissed Nov. 20, 2017, pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order); *Moody v. Federal Bureau of Investigation - St. Louis Field Office*, No. 4:22-cv-554-SEP (E.D. Mo. filed May 20, 2022) (dismissed May 26, 2022, pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous). All of Plaintiff's prior four cases against the FBI were dismissed before service of process. *Id.* Plaintiff did not appeal any of the dismissals.

---

[1] In addition, the Court notes that one of the documents that Plaintiff included with his motion for subpoenas (ECF No. 6) states that his supervising doctor attested in clinical notes that "Plaintiff has a past history of 'paranoid delusions' regarding harassment by the Defendant (FBI-STL)." *Id.* at 6.

## The Complaint[2]

Plaintiff filed this civil action against four defendants: (1) FBI - St. Louis Field Office; (2) FBI - Headquarters; (3) Adapt of Missouri; and (4) SLUCare Department of Psychiatry. ECF No. 5 at 1-3. Plaintiff asserts federal court jurisdiction based on diversity of citizenship and he alleges legal claims based on conspiracy, negligence, and malicious intent. *Id.* at 4-5, 7-9.

Just as Plaintiff asserted in his past four cases filed in this Court against the FBI, Plaintiff claims that the FBI—both the St. Louis Field Office and the National Headquarters Office—gave "top-secret security clearance surveillance equipment" to his family members and tasked them with assisting the FBI in surveilling him. *Id.* at 5-7. Plaintiff alleges that this "agreement" to surveil him started in 2004, after the FBI "showed the Plaintiff's family[] a video of the Plaintiff's illicit and illegal drug use" and Plaintiff "engaging in a homosexual sexual encounter with a male FBI agent." *Id.* at 5, 7. According to Plaintiff, his family used the surveillance equipment to communicate Plaintiff's "private conversations, writings, financial information, past relationships, and homosexual sexual encounters" to the FBI. *Id.* at 9. Plaintiff asserts that this surveillance by his family continued until April 2025. *Id.* at 7. Around December 1, 2024, Plaintiff learned that his family's agreement with the FBI was preventing him from "gaining competitive employment" and retaining legal counsel. *Id.* at 6-7. Plaintiff claims that these actions breached the FBI's duty to "obey proper protocol for handling top-secret security clearance-required surveillance equipment." *Id.* at 8.

---

[2] Plaintiff initiated this case with an unsigned Complaint. *See* ECF No. 1. Accordingly, on June 9, 2025, the Court ordered that the Complaint be returned to Plaintiff for his signature. *See* ECF No. 4. Plaintiff's signed Complaint was filed on June 20, 2025, and will be examined as the operative complaint at issue here. *See* ECF No. 5.

In addition, Plaintiff states that his family opposes homosexuality, and that they began verbally abusing him after seeing the video in 2004. *Id.* at 5, 7-8. In the subsequent years, the verbal abuse caused Plaintiff to develop chronic migraines and anxiety and depressive disorders, and to lose relationships with family members. *Id.*

Plaintiff alleges that, sometime around 2016, the FBI began working with defendants SLUCare and Adapt of Missouri to surveil Plaintiff. *Id.* at 8. Defendant SLUCare had been providing Plaintiff with psychiatric treatment, including medications, and Adapt of Missouri had provided counseling. *Id.* at 9. Plaintiff alleges that the FBI used the relationship with SLUCare in order to "gain access to the Plaintiff's psychiatry notes." *Id.* at 8-9. Plaintiff asserts that defendants SLUCare and Adapt of Missouri should have reported the FBI's unethical treatment of him to the Department of Justice. *Id.* at 9.

Plaintiff states that he tried to get help with this alleged surveillance situation by filing a complaint with the FBI's St. Louis office in 2016, reaching out to the Department of Justice for a face-to-face meeting in 2016, sending a certified letter to the former Director of the FBI in 2019, asking defendants Adapt of Missouri and SLUCare for help from 2020 to 2025, and reaching out to the former Director of the Central Intelligence Agency from 2023 to 2025. *Id.* at 6, 8.

Plaintiff attached multiple exhibits to his Complaint.[3] Many of the exhibits appear to have no relation to the allegations of the Complaint. *Id.* at 11-16 (screenshots and photos of a computer reset, router restart, and WIFI speed). Other exhibits provide documentation of Plaintiff's pre-

---

[3] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

2017 medical conditions, including chronic migraine headaches and other complex headaches (2012-2017); depression and anxiety (2016-2017); and irritable bowel syndrome (2017).  *Id.* at 17-21.

In terms of relief, Plaintiff seeks monetary damages "in excess of $5, the exact amount to be proven at trial."  *Id.* at 8-9.

## Discussion

Having carefully reviewed and liberally construed the Complaint, the Court can discern no plausible claim for relief.   Plaintiff's factual allegations are conclusory, fanciful, delusional, and "rise to the level of the irrational or wholly incredible."  *Denton*, 504 U.S. at 32-33.   The Court therefore finds that Plaintiff's allegations are clearly baseless, as defined in *Denton*, and will dismiss this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).   *See also Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (affirming dismissal of claims based on "flimsier than doubtful or questionable ... essentially fictitious" allegations of government surveillance); *Strong v. U.S.*, 2012 WL 202780, at *2-3 (S.D. Cal. Jan. 23, 2012) (dismissing as frivolous Plaintiff's claim that, *inter alia*, he was being surveilled by the government using unmanned drones); *Raiford v. FBI*, 2010 WL 6737887, at *3 (D. S.C. Nov. 17, 2010) (dismissing claims of stalking by government aircraft as frivolous under *Denton*); *Marshall v. Green*, 2010 WL 1959514 (W.D. Ky. May 17, 2010) (dismissing conspiracy claims of stalking by government officials, mind control, and electromagnetic assault as frivolous).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue because the Complaint is frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's claims against defendants Federal Bureau of Investigation - St. Louis Field Office, Federal Bureau of Investigation - Headquarters, Adapt of Missouri, and SLUCare Department of Psychiatry are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for subpoenas [ECF No. 6] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of September, 2025.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE